DARREN J. DEL SARDO, ESQ.
DAMICO, DEL SARDO & MONTANARI, LLC
300 Lackawanna Avenue
West Paterson, NJ  07424
(973) 785-8181
Attorney for Defendant, Famous

| | |
|---|---|
| OA INTERNET SERVICES, LTD., | UNITED STATES DISTRICT COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | Civil Action No.: 08-9 (JLL) |
| vs. | |
| | Hon. |
| DEAN SPINAGOTTI & SCOT FAMOUS Individually and d/b/a ESSENTIAL BODY CARE, | ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND |
| and | |
| JOHN DOE 1-20, JANE DOE 1-20, and ABC CORPORATIONS 1-20, | |
| Defendants. | |

Defendant, SCOT FAMOUS ("FAMOUS") by way of Answer through his attorneys, Damico, Del Sardo & Montanari, LLC states as follows:

Jurisdiction and Venue

1. Scot Famous admits the allegations in paragraph one.

2. Scot Famous admits that the Complaint purports to assert jurisdiction to 28 U.S.C. 1331, et seq. and denies any other claim in paragraph 2.

The Parties

3. Defendant, Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph three as the information pertains to another party.

4. Defendant, Famous neither admits nor denies the allegations contained in paragraph four as the allegations pertain to other Defendants.

5. Defendant, Famous admits the allegations contained in paragraph five.

6. Defendant, Famous denies the allegations in paragraphs six.

7. Defendant, Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph seven.

## Plaintiff's History

8. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph eight.

9. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations contained in paragraph nine.

10. Defendant, Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph ten.

11. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph eleven.

12. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph twelve.

13. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph thirteen.

## Defendant's Infringing Activities

14. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph fourteen.

15. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph fifteen.

16. Defendant Famous denies the allegations in paragraph sixteen.

17. Defendant Famous denies the allegations in paragraph seventeen.

18. Defendant Famous denies the allegations in paragraph eighteen.

19. Defendant Famous denies the allegations in paragraph nineteen.

20. Defendant Famous denies the allegations in paragraph twenty.

21. Defendant Famous denies the allegations in paragraph twenty one.

22. Defendant Famous denies the allegations in paragraph twenty two.

23. Defendant Famous denies the allegations in paragraph twenty three.

24. Defendant Famous denies the allegations in paragraph twenty four.

25. Defendant Famous denies the allegations contained in paragraph twenty five.

26. Defendant Famous denies the allegations contained in paragraph twenty six.

27. Defendant Famous is without sufficient knowledge or information to admit or deny the allegations in paragraph twenty seven.

28. Defendant Famous denies the allegations contained in paragraph twenty eight.

29. Defendant Famous denies the allegations in paragraph twenty nine.

30. Defendant Famous denies the allegations in paragraph thirty.

31. Defendant Famous denies the allegations in paragraph thirty one.

32. Defendant Famous denies the allegations in paragraph thirty two.

33. Defendant Famous denies the allegations in paragraph thirty three.

34. Defendant Famous denies the allegations in paragraph thirty four.

## COUNT I

### BREACH OF AGREEMENT

35. Defendant Famous repeats and realleges each and every response contained in paragraphs one through 34 as if set forth at length herein.

36. Defendant Famous provides no answer to the allegations in paragraph thirty six as they pertain to other defendants.

37. Defendant Famous denies the allegations in paragraph thirty seven.

38. Defendant Famous denies the allegations in paragraph thirty eight.

39. Defendant Famous denies the allegations in paragraph thirty nine.

40. Defendant Famous denies the allegations in paragraph forty.

## COUNT II

### FALSE DESIGNATION OF ORIGIN OF PRODUCTS, FALSE ADVERTISING AND FALSE DESCRIPTION AND REPRESENTATION

41. Defendant Famous repeats his responses to paragraphs 1-40 as if set forth herein at length.

42. Defendant Famous neither admits nor denies that the complaint purports to assert a cause of action pursuant to section 43 (a) of the Trademark Act of 1946 but denies any wrongdoing and/or violation under the Act.

43. Defendant Famous denies the allegations in paragraph forty three.

44. Defendant Famous denies the allegations in paragraph forty four.

## COUNT III

### COMMON LAW OF UNFAIR COMPLETION

45. Defendant Famous repeats his responses to paragraphs 1-44 as if set forth herein at length.

46. Defendant Famous neither admits nor denies that the  admits that the complaint purports to set forth a cause of action for unfair competition.

47. Defendant Famous denies the allegations in paragraph forty seven.

## COUNT IV

### TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

48. Defendant repeats his responses to paragraphs 1-47 as if set forth herein at length.

49. Defendant Famous denies the allegations in paragraph forty nine.

50. Defendant Famous denies the allegations in paragraph fifty.

## COUNT V

### UNFAIR COMPETITION UNDER N.J.S.A. 56:4-1

51. Defendant repeats his responses to paragraphs 1-50 as if set forth herein at length.

52. Defendant Famous denies the allegations in paragraph fifty two.

53. Defendant Famous denies the allegations in paragraph fifty three.

## COUNT VI

### DEFAMATION

54. Defendant Famous repeats his responses to paragraphs one through fifty three of this Complaint as if fully set forth again herein.

55. Defendant Famous denies the allegations in paragraph fifty five.

56. Defendant Famous denies the allegations in paragraph fifty six.

57. Defendant Famous denies the allegations in paragraph fifty seven.

58. Defendant Famous denies the allegations in paragraph fifty eight.

## COUNT VII

### BUSINESS AND PRODUCT DISPARAGEMENT

59. Defendant Famous repeats his responses to paragraphs one through fifty eight as if fully set forth again herein.

60. Defendant Famous denies the allegations in paragraph sixty.

61. Defendant Famous denies the allegations in paragraph sixty one.

WHEREFORE, the Defendant, Famous hereby demands a dismissal as to each and every Count contained in the Plaintiff's Complaint and seeks an award of attorneys' fees and costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part, by the plaintiffs failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

The applicable statute of limitations is expired.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff lacks subject matter and personal jurisdiction over defendant Famous.

WHEREFORE, Defendant Famous prays that the Court

1. Dismiss the Complaint with prejudice.

2. Award to Defendant Famous his costs of suit.

3. Award to Defendant Famous such further relief as the Court deems just and proper.

### **CROSSCLAIM**

Defendant, Famous, by way of Crossclaim against all other defendants names herein, says:

1.	While denying that the defendant, Famous is any way obligated under the claims for relief asserted against him, he alleges that:

a.	Any obligations imposed upon it to respond in damages could only be as a result of operation of law based upon liability technical, imputed or implied whereas the actual fault of negligence, fraud, violation of any federal statue or as a result of the other defendants actions and not of the defendant, Famous.

b.	This party is entitled to a determination of percentage share of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages, as the obligation, if any, of this party to respond in damages should not exceed its percentage share.

c.	While denying that it is in anyway liable for damages asserted in this cause of action, this party demand (s) contractual indemnification from all parties with whom this party has applicable contractual agreements providing same.

**WHEREFORE,** this party demands judgment of indemnity, contribution, or apportionment of responsibility from the parties against whom this claim is asserted.

## ANSWER TO CROSSCLAIMS

Defendants deny the allegations of any and all crossclaims and counterclaims filed or to be filed by any party to this action.

## JURY DEMAND

Defendant Famous demands a trial by jury as to all issues so triable.

                      DAMICO, DEL SARDO & MONTANARI, LLC
                      Attorneys for Defendant, Scot Famous

                      By: /s/ *Darren J. Del Sardo, Esq.*
                          Darren J. Del Sardo, Esq.

## CERTIFICATION

I hereby certify that the matter is controversy is not the subject of any other Court, arbitration or administrative proceeding.

                      DAMICO, DEL SARDO & MONTANARI, LLC
                      Attorneys for Defendant, Scot Famous

                      By: /s/ *Darren J. Del Sardo, Esq.*
                          Darren J. Del Sardo, Esq.

<u>CERTIFICATION OF SERVICE</u>

Darren J. Del Sardo, Esq., a member of the Bar of this Court, hereby certify that a copy of the within Answer was served this day by electronic service and First Class mail upon counsel for plaintiff, Charles P. Guarino, Esq. of Nicoll Davis & Spinella, LLP, located at 95 Route 17 South, Suite 203, Paramus, NJ  07652.

DAMICO, DEL SARDO & MONTANARI, LLC
Attorneys for Defendant, Scot Famous


By:  /s/ *Darren J. Del Sardo, Esq.*
       Darren J. Del Sardo, Esq.